IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11CV882-WKW |
| ) | |
| JUDGE SANDRA ROSS STORM and ) | |
| JUDGE BRIAN HUFF, ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Betty Jackson, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). For good cause, it is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff sues Judge Sandra Ross Storm and Judge Brian Huff, alleging that their actions since 1999 in a Jefferson County family court case pertaining to the State of Alabama's protective custody of her children violated her constitutional rights. Plaintiff asserts that Judge Storm "gave [plaintiff's] daughter to one of the attorneys that was working at Family Court ... but the other children were returned." (Complaint, ¶ V). Plaintiff asserts

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

that, after a 2002 trial, the case was transferred to another judge – defendant Huff, apparently – who was the cousin of the child's attorney. Plaintiff alleges that this second judge "held the case up for about 2 years[.]" (Id.). Plaintiff seeks injunctive relief only. (See Complaint, ¶ 6)("All I want is my child.").

Plaintiff's claims arise from the actions or omissions of Storm and Huff as the presiding family court judges in a protective custody matter regarding plaintiff's daughter. There is no allegation that they did not have jurisdiction over the case. Accordingly, they are entitled to absolute judicial immunity on plaintiff's claims for injunctive relief. See 42 U.S.C. § 1983 (injunctive relief may not be granted "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable");[2] Redford v. Wright, 378 Fed. Appx. 987 (11th Cir. 2010)(unpublished opinion)(affirming district court's dismissal of case against state court judge in child custody matter on the basis of judicial immunity). Additionally, plaintiff could not avoid the judicial immunity bar by amending her complaint to seek monetary damages against these defendants, as compensatory relief is likewise barred in actions against judges who act in their judicial capacities and did not act in the "clear absence of all jurisdiction." Redford, 378 Fed. Appx. at 987; Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996); see also Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir.

---

[2] Plaintiff does not allege that Judge Storm or Judge Huff violated a declaratory decree or that declaratory relief was unavailable. If plaintiff contends that the declaratory decree/relief exception to judicial immunity applies, she may explain her contention in an objection to this recommendation.

1985)(*en banc*)(judges having subject matter jurisdiction of a case enjoy absolute immunity from § 1983 claims for damages, even if their judicial actions are alleged to have resulted from a conspiracy to deprive plaintiff of his or her constitutional rights); Scott v. Hayes, 719 F.2d 1562, 1567 (11th Cir. 1983).[3]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as plaintiff may not maintain a claim for injunctive relief against defendants Storm and Huff pursuant to 42 U.S.C. § 1983.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before November 9, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[3] Plaintiff alleges that she believes that her daughter was "sold." She does not attribute the sale to the defendant judicial officers and alleges no facts to support a claim that either of these defendants sold plaintiff's daughter. (Complaint, ¶ VI). Plaintiff's bare allegation of her belief that such a sale occurred is insufficient to demonstrate that these defendants acted other than in their judicial capacities or that they acted in the absence of jurisdiction.

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of October, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE